**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LEONARDO JOSÉ HARRIS PACHECO, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | |
| | ) | No. 2:26-cv-02861-SHL-atc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) ) ) | |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 13, 2026, pro se Petitioner Leonardo José Harris Pacheco filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[2] (ECF No. 2.) He challenges his "continuous ICE custody for approximately five months" without a bond hearing. (Id. at PageID 4.) Harris Pacheco states that he is a 53-year-old citizen of Venezuela who "entered the United States lawfully on July 16, 2024, at Fort Lauderdale, Florida, after being inspected and paroled into the country under the CHNV humanitarian parole process for Venezuelan nationals." (Id. at PageID 3.) He "has substantial ties to the United States, . . . including his 76-year-old father with whom he resides," in addition to "a lawful permanent resident sibling in the United States."

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, the Facility Administrator of the West Tennessee Detention Facility, David Venturella, Markwayne Mullin, and Todd Blanche are dismissed from the case.

[2] Along with the Petition, Harris Pacheco filed an Emergency Motion for Temporary Restraining Order and Order to Show Cause. (ECF No. 4.) To the extent that motion requests a stay of Harris Pacheco's transfer out of this District, the motion is **GRANTED**.

(Id. at PageID 4.)  "He poses no danger to the community and is not a flight risk."  (Id.)  He seeks "an individualized bond hearing before an immigration judge."  (Id. at PageID 6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     The Clerk of Court shall email copies of **the Petition (ECF No. 2) and this Order (ECF No. 6)** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)     Within **two business days** of the filing of this Order, Respondent shall respond to the Petition in writing.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)     Petitioner may file a reply after Respondent's responsive filing.

(4)     Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 15th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2