**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| LEONARDO JOSÉ HARRIS PACHECO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondent. | No. 2:26-cv-02861-SHL-atc |

**ORDER GRANTING PETITION**

On July 13, 2026, pro se Petitioner Leonardo José Harris Pacheco filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 2.) Mr. Harris Pacheco challenges his continuous ICE custody without a bond hearing (Id. at PageID 4.) He seeks, among other things, issuance of a writ of habeas corpus and "an individualized bond hearing." (Id. at PageID 6.) Respondent responded on July 20. (ECF No. 8.) Petitioner replied on August 6. (ECF No. 9.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 26.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Mr. Harris Pacheco, a citizen of Venezuela, has resided in the United States continuously since July 2024. (ECF No. 2 at PageID 3; ECF No. 8 at PageID 26.) According to Mr. Harris Pacheco, he "has substantial ties to the United States . . . including his 76-year-old father with whom he resides," in addition to "a lawful permanent resident sibling in the United States."

(ECF No. 2 at PageID 4.) Respondent argues that Petitioner stated that his "mother and father were deceased" at the time of his ICE arrest. (ECF No. 8 at PageID 27.) He has no criminal record, "poses no danger to the community," and "is not a flight risk." (ECF No. 2 at PageID 4.) He was taken into ICE custody on February 18, 2026. (Id. at PageID 2; ECF No. 8 at PageID 27.) He remains detained at the West Tennessee Detention Facility. (ECF No. 8 at PageID 27.)

**ANALYSIS**

Respondent concedes that Lopez-Campos governs this matter. (Id. at PageID 26.) That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'" Lopez-Campos, 175 F.4th at 732. Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 8 at PageID 27.) Specifically, according to Respondent, "Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court." (Id. at PageID 26.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention."

Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 1st day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE